IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Criminal Action No. |
| | ) | 10-00320-16-CR-W-DGK |
| FRANK M. ALVAREZ, | ) | |
| | ) | |
| Defendant. | ) | |

# REPORT AND RECOMMENDATION TO DENY
# DEFENDANT'S MOTION TO DISMISS THE INDICTMENT

Before the court is defendant's motion to dismiss the indictment on the ground that he has been denied due process of law and equal protection. I find that the indictment is sufficient and that defendant has raised no grounds mandating dismissal. Therefore, defendant's motion to dismiss should be denied.

## I. BACKGROUND

On November 18, 2010, an indictment was returned charging defendant with conspiracy to distribute cocaine, crack cocaine, and marijuana, in violation of 21 U.S.C. §§ 841(a)(12), (b)(1)(A) and (B) and 846, and one count of conspiracy to commit money laundering, in violation of 18 U.S.C. § 1956(a)(1)(A)(i) and (h). Defendant filed the instant motion to dismiss the indictment on May 20, 2011 (document number 230).

On June 2, 2011, the government filed a response to defendant's motion (document number 242). The government argues that the indictment is sufficient and that defendant appears to be raising frivolous "arguments raised by misguided criminals who are often referred to as 'sovereign citizens' or 'redemption theory' defendants."

## II. *SUFFICIENCY OF THE INDICTMENT*

It is well established that an indictment is sufficient if it (1) contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and (2) enables him to plead an acquittal or conviction in bar of future prosecutions. Hamling v. United States, 418 U.S. 87, 117 (1974); United States v. McMahan, 744 F.2d 647, 650 (8th Cir. 1984). The sufficiency of the indictment is to be judged by practical, and not by technical, considerations. Hayes v. United States, 296 F.2d 657, 667 (8th Cir. 1961), cert. denied, 369 U.S. 867 (1962). An indictment ordinarily is held sufficient unless it is so defective that by no reasonable construction can it be said to charge the offense for which the defendant was convicted. United States v. Young, 618 F.2d 1281, 1286 (8th Cir.), cert. denied, 449 U.S. 844 (1980); United States v. Ivers, 512 F.2d 121, 123 (8th Cir. 1975).

It is generally sufficient that the indictment sets forth the offense in the words of the statute itself, so long as those words fully, directly, and expressly, without uncertainty or ambiguity, set forth all the elements necessary to constitute the offense intended to be punished. <u>Hamling v. United States</u>, 418 U.S. at 117; <u>United States v. McKnight</u>, 799 F.2d 443, 445 (8th Cir. 1986); <u>United States v. Opsta</u>, 659 F.2d 848, 850 (8th Cir. 1981). However, the indictment does not have to follow the exact wording of the statute. <u>United States v. Ivers</u>, 512 F.2d at 123.

Counts one and two clearly track the language of 21 U.S.C. § 841 and 846 and 18 U.S.C. § 1956, and those statutes fully set forth all the elements necessary to constitute the offenses intended to be punished. In addition, counts one and two provide the names of the co-conspirators, the type and quantity of drugs, the dates of the conspiracies, the specified unlawful activity, and the manner of promoting unlawful activity.

Because both counts of the indictment contain the elements of the offenses charged and enable defendant to plead an acquittal or conviction in bar of future prosecutions, the indictment is sufficient.

### *III. DEFENDANT'S SPECIFIC COMPLAINTS*

Defendant complains that he is being deprived of due process of law and equal protection under the law. Defendant cites the 14th Amendment in support of these Constitutional challenges.

However, the 14th Amendment to the United States Constitution does not apply to the federal government.  The applicable portion of the 14th Amendment states that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."  Through selective incorporation, the courts have held that the 14th Amendment provides that virtually all of the procedural protections in the first eight amendments apply to the states in the same way in which they restrict federal criminal proceedings.  <u>Albright v. Oliver</u>, 510 U.S. 266, 272-273 (1994).

Defendant does not explain how his due process or equal protection rights have been violated, and he cites state law cases in support of his unintelligible arguments.  He instead rambles on, often nonsensically, in the same manner many other pro se defendants have done after having read pleadings supposedly used successfully by others in the same position.  Defendant argues, as do many others, that this court lacks subject matter jurisdiction unless a complaint is the initial charging document.  Defendant then attaches as an exhibit a copy of a complaint issued in <u>United States v. Adam McGrone</u>, 10-0156JTM-01, with that defendant's name scratched out.

4

Defendant's motions for production of the complaint in his case have been denied on the ground that his case began with a grand jury indictment.  The Constitution guarantees each accused the right to a grand jury indictment; it does not guarantee a criminal complaint.  A criminal complaint is a document which is found by one person (the issuing judge) to be supported by probable cause.  It does nothing but bind the accused over for grand jury action.  If the grand jury fails to indict within the time allowed by law, the accused is set free.  In this case, defendant was charged by indictment after a grand jury found probable cause to believe that these crimes were committed and that defendant committed them.  The lack of a criminal complaint is completely irrelevant in a case beginning with a grand jury indictment.

Defendant has been advised numerous times in the past to reconsider his decision to represent himself.  I will once again encourage defendant to reconsider and to allow his stand-by counsel to take over his defense.  Defendant's reliance on whatever source he is using is clearly not beneficial to his future -- defendant does not understand the law and therefore does not understand how irrelevant and absurd his pleadings are.  The Ninth Circuit Court of Appeals in <u>United States v. Johnson</u>, 610 F.3d 1138, 1140 (9th Cir. 2010), had a similar case and commented as follows:

> Defendants Kurt F. Johnson and Dale Scott Heineman were indicted for conspiracy and multiple counts of mail fraud related to their illegitimate debt-elimination business. They were adamant in their desire to represent themselves and assert an absurd legal theory wrapped up in Uniform Commercial Code gibberish. . . . [T]he defendants were extensively advised of their right to counsel and the disadvantages of self-representation. The judge practically begged them to accept counsel but they refused. The district court found that the defendants were competent to represent themselves and that such was their constitutional right. . . . [The defendants were convicted.] The record clearly shows that the defendants are fools, but that is not the same as being incompetent. . . . [T]hey had the right to represent themselves and go down in flames if they wished, a right the district court was required to respect. There was no legal or medical basis to foist a lawyer on them against their will.

Defendant's reliance on state cases from North Dakota and Wyoming, his obsession with a complaint that does not exist, and the nonsensical nature of his arguments leave little doubt that his defense is suffering from his self-representation.

## *IV. CONCLUSION*

Because counts one and two contain sufficient information to apprise defendant of the nature of the charges and to enable him to plead an acquittal or conviction in bar of future prosecutions, it is

RECOMMENDED that the court, after making an independent review of the record and the applicable law, enter an order denying defendant's motion to dismiss the indictment for a violation of due process.

Defendant is advised that, pursuant to 28 U.S.C. § 636(b)(1), he has ten days from the date of receipt of a copy of

this report and recommendation to file and serve specific objections.

/s/ Robert E. Larsen
ROBERT E. LARSEN
United States Magistrate Judge

Kansas City, Missouri
August 22, 2011